UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN DUNCAN,<br><br>                    Petitioner,<br><br>        vs.<br><br>BOB DOOLEY,  ATTORNEY GENERAL<br>FOR THE STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | 4:17-CV-04141-KES<br><br><br>REPORT AND RECOMMENDATION<br>AND<br>ORDER |

## INTRODUCTION

This matter is before the court on the *pro se* petition of Steven Duncan pursuant to 28 U.S.C. § 2254.  <u>See</u> Docket No. 1.  Mr. Duncan is currently incarcerated at the Yankton Community Work Center, a prison of the state of South Dakota, pursuant to a state court conviction.  <u>See</u> Docket No. 11. Respondents have moved to dismiss Mr. Duncan's petition.  <u>See</u> Docket No. 8. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

## FACTS

Mr. Duncan was arrested on September 4, 2015, after he crashed his vehicle into the car ahead of him at a stop sign.  A complaint was filed against him in state circuit court for Lincoln County, South Dakota, on September 8, 2015, and he was indicted by a grand jury September 12, 2015.  On March 15,

2016, Mr. Duncan availed himself of his right to a jury trial. He was convicted of sixth or subsequent offense driving while under the influence and following too closely. The state circuit court sentenced him on May 27, 2016, to 10 years' imprisonment. See Docket No. 9-1.

Mr. Duncan filed a direct appeal, arguing that the circuit court violated his right to have a trial within 180 days as provided for under state statute. See State v. Duncan, 895 N.W.2d 779, 780 (S.D. 2017); Docket No. 9-2 at p. 2. Noting that Mr. Duncan's claim raised a question of statutory interpretation of a state statute and not a constitutional issue, the South Dakota Supreme Court affirmed the circuit court's determination that it had not run afoul of the 180-day rule. Duncan, 895 N.W.2d at 782. That decision was issued May 10, 2017. Id. at 779.

On July 17, 2017, Mr. Duncan filed a petition for habeas relief in state circuit court.[1] See Docket No. 9-3. He raised the following 7 claims in that petition:

---

[1] Mr. Duncan's habeas petition is signed July 17, 2017, and stamped received by the clerk's office on August 22, 2017, nearly a month later. See Docket No. 9-3 at pp. 1 & 6. Normally, the date a habeas petition is filed is the date the clerk of courts receives it. Artuz v. Bennett, 531 U.S. 4, 8 (2000); United States v. Lombardo, 241 U.S. 73, 76 (1916); Hannon v. Weber, 2001 S.D. 146, ¶¶ 4-8, 638 N.W.2d 48, 49-50. However, in Mr. Duncan's case, it appears his habeas petition was received and held without filing until the circuit court judge ruled on the petition because both the petition and the court's order ruling on the petition bear date stamps of August 22, 2017. Compare Docket No. 9-3 at p. 1, with Docket No. 9-4 at p. 1. When the state court appears to have manipulated the filing date by holding a petition without filing it, this court takes the date on the petition as the operative date, not the clerk's file-stamped date. See Critchley v. Thaler, 586 F.3d 318, 320-21 (5th Cir. 2009); Herbert v. Dickhaut, 724 F. Supp. 2d 132, 135-36 (D. Mass. 2010).

1. Defense counsel failed to allow Mr. Duncan to see the video of his arrest and the photographs from the accident scene; the first time Mr. Duncan saw this evidence was when it was introduced at his trial.

2. Mr. Duncan was improperly charged under South Dakota's DUI statutes.

3. Defense counsel failed to present evidence on count III regarding whether Mr. Duncan had submitted to a breath or chemical test.

4. The circuit court erred in instructing the jury by failing to tell them to choose between count II or count III. Because of the court's faulty jury instructions, Mr. Duncan has been placed in Double Jeopardy.

5. The circuit court and the state's attorney violated Mr. Duncan's due process rights by not bringing him to court for a preliminary hearing that was scheduled on September 8, 2015, resulting in Mr. Duncan being incarcerated for 31 days before knowing the charges against him.

6. The circuit court violated Mr. Duncan's due process rights by ordering him to pay Creighton University $11,860 in restitution with insufficient documentation of the value of the loss.

7. The circuit court erred by considering a letter from a person "in the other car" because "there was no proof of any medical issues and it should not have been used."

See Docket No. 9-3 at pp. 2-5.[2]

On August 22, 2017, the state circuit court denied Mr. Duncan's habeas petition without appointing counsel or holding an evidentiary hearing because the court concluded the petition was "frivolous or meritless." See Docket No. 9-4 at p. 2. The circuit court's order did not address whether a certificate

---

[2] Page 1 of Mr. Duncan's hand-written description of his habeas claims was filed out of order. The page found at the court's Docket No. 9-3, p. 4, is the first page in order. Then pages 2-3 and 5 follow.

of probable cause would issue.  Id.  The state circuit court's file on

Mr. Duncan's habeas case reveals no motion from Mr. Duncan seeking the

issuance of a certificate of probable cause.  The South Dakota Supreme Court

also received no motion from Mr. Duncan seeking the issuance of a certificate

of probable cause on his habeas petition.

Mr. Duncan filed his federal habeas petition with this court on October

5, 2017.  See Docket No. 1.  In that petition, Mr. Duncan raises the following

issues:

> 1.    Mr. Duncan asserts his rights under the Fifth, Sixth
> and Fourteenth Amendments were violated when a preliminary
> hearing was set for him on September 8, 2015, but he was not
> brought to court for that hearing.
>
> 2.    Mr. Duncan asserts his rights under the Fifth, Sixth
> and Fourteenth Amendments were violated when the state failed to
> afford him a speedy trial.
>
> 3.    Mr. Duncan asserts his rights under the Fifth, Sixth,
> and Fourteenth Amendments were violated when his trial counsel
> failed to allow Mr. Duncan to review the video and photographic
> evidence against him prior to trial.
>
> 4.    Mr. Duncan asserts his rights under the Fifth, Sixth,
> and Fourteenth Amendments were violated because the state court
> has refused to give Mr. Duncan supporting documentation for the
> attorney's fees, restitution, and costs assessed against him as part
> of his sentence.

See Docket No. 1 at pp. 4-8.

Respondents now move to dismiss Mr. Duncan's habeas petition with

prejudice and without holding an evidentiary hearing.  See Docket No. 8.

Respondents argue Mr. Duncan has procedurally defaulted his claims.  See

Docket No. 9.  Mr. Duncan resists the motion.  See Docket No. 10.

**DISCUSSION**

**A.      Standard Applicable to Rule 12(b)(6) Motions.**

The respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted.  Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the [petitioner] has a valid claim.  Id. at 556.  The petition must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" that apply to Rule 12(b)(6) motions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a petition.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*--but has not "show[n]"--that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

*Pro se* complaints are to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). However, even with liberal construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 Fed. Appx. 502,

504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 Fed. Appx. 481, 482 (8th Cir. 2007).

Rule 12(b)(6) requires the court to evaluate the sufficiency of a *plaintiff's pleading* of a claim. See FED. R. CIV. P. 12(b)(6); Iqbal, 556 U.S. at 679. Thus, the primary document the court examines is the plaintiff's initial pleading— here, the habeas petition. Rule 56, the rule for summary judgment, allows the court to consider affidavits, documents, deposition transcripts and other items extraneous to the complaint in determining whether to grant the motion. See FED. R. CIV. P. 56. In this district, a summary judgment motion also requires the movant to file a statement of undisputed material facts. See DSD L.R. 56.1A. Respondents did not file a statement of undisputed material facts in support of their motion to dismiss, so it cannot be construed to be a summary judgment motion.

Courts evaluating a Rule 12(b)(6) motion are not strictly limited to evaluating only the petition, however. Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013). They may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Id. (citing Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1357 (3d ed. 2004))). In a habeas action, it is appropriate for the court to

take judicial notice of the settled record of the underlying proceedings when evaluating a motion to dismiss.  See <u>Hood v. United States</u>, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court); <u>Matter of Phillips</u>, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); <u>Green v. White</u>, 616 F.2d 1054 (8th Cir. 1980) (court of appeals may take judicial notice of district court filings).  This court has taken judicial notice of Mr. Duncan's criminal circuit court file, his direct appeal file, and his state circuit court habeas file.  There is no South Dakota Supreme Court habeas file for Mr. Duncan.  These are the principles guiding the court's evaluation of respondents' motion.

**B.      Principles Generally Applicable to § 2254 Petitions.**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of  the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  <u>Osborne v. Purkett</u>, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable

from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405-06, (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court "may not simply disagree with the state court's factual determinations. Instead it must conclude that the state court's findings lacked even fair support in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

## C.     Exhaustion and Procedural Default

Mr. Duncan presents four separate claims for § 2254 relief. Respondents argue that all of these claims are procedurally defaulted. This court respectfully recommends dismissing Mr. Duncan's claims with prejudice because, as explained below, these claims are not exhausted and they cannot now be exhausted.

### 1.     Exhaustion

Federal habeas review of state court convictions is limited. ADEPA provides as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the state; or

    (B)    (i) there is an absence of available State corrective process; or

          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * *

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).  The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies.  See 28 U.S.C. § 2254(b).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Supreme Court has stated:

Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly

within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted). The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claims. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845; Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

### a. Step One--Did Mr. Duncan fairly present the federal constitutional dimensions of his federal habeas corpus claims to the state courts?

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).

It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988) (citation omitted). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Ashker, 5 F.3d at 1179. This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

Here, Mr. Duncan asserts a constitutional claim of a speedy trial violation. See Docket No. 1 at p. 6. The Sixth Amendment to the United States

12

Constitution provides the accused "the right to a speedy and public trial." See U.S. CONST. AMEND. VI. However, Mr. Duncan never presented a *constitutional* speedy trial act claim in state court. In his direct appeal, he argued the state had violated his *statutory* right to a speedy trial as provided under South Dakota statute. If Mr. Duncan had presented this issue as a constitutional issue rather than an issue of South Dakota state law, presenting the issue in a direct appeal would have sufficed to exhaust the claim. Satter, 977 F.2d at 1262.

However, he did not argue in his direct appeal that his *constitutional* right to a speedy trial was violated. See Docket No. 9-2. Nor did the South Dakota Supreme Court address the *constitutional* issue; the court understood the issue presented was based solely on state statute and its decision was limited to that issue. See Duncan, 895 N.W.2d at 781-82.

Nor did Mr. Duncan exhaust this issue in his state habeas petition. In fact, none of the issues asserted by Mr. Duncan in his state habeas court petition are exhausted. In order to exhaust these claims in state court, Mr. Duncan was required to present each of his claims asserted herein to both the South Dakota circuit court and then to the South Dakota Supreme Court. O'Sullivan, 526 U.S. at 845; Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

South Dakota provides by statute the method of appealing a denial of habeas relief at the circuit court level to the South Dakota Supreme Court:

> A final judgment or order entered under this chapter may not be
> reviewed by the Supreme Court of this state on appeal unless the

circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists.  A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered.  The issuance or refusal to issue a certificate of probable cause is not appealable.  However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal.  Any party filing a motion with the Supreme Court shall serve a copy of the motion upon the opposing party, who shall have ten days to respond.  The applying party shall then have five days to reply to such response.  If a certificate of probable cause is issued the appeal may be brought by an applicant or the state within thirty days after entry of the certificate of probable cause.

Service of either a motion for a certificate of probable cause or of an appeal must be made upon both the attorney general and the appropriate state's attorney when the motion is made or the appeal is taken by the party seeking the habeas corpus relief.

See SDCL § 21-27-18.1.  South Dakota regularly and rigidly enforces this rule.

Hannon v. Weber, 638 N.W.2d 48, 50 (S.D. 2001).

Here, after the circuit court denied habeas relief, Mr. Duncan was required to seek a certificate of probable cause from the circuit court.  See SDCL § 21-27-18.1.  If the circuit court denied the request for that certificate, Mr. Duncan was required to seek a certificate of probable cause from the South Dakota Supreme Court *within 20 days* of the circuit court's denial.  Id. Mr. Duncan did neither:  he did not seek a certificate of probable cause from either the circuit court which denied his request for habeas relief nor did he seek a certificate from the South Dakota Supreme Court.  The court concludes, then, that Mr. Duncan has failed to exhaust any of his claims before the South Dakota state court.

### b. Step Two—Are there currently available, non-futile state remedies?

Because Mr. Duncan has not exhausted his state remedies as to any of his claims, the court must analyze whether there are any non-futile state remedies still available to Mr. Duncan. In other words, would it do any good to send Mr. Duncan back to state court to allow him to exhaust? The answer is "no."

First, Mr. Duncan cannot now go back to state court to attempt to obtain a certificate of probable cause from either the circuit court or the supreme court. See SDCL § 21-27-18.1. The deadline for seeking those certificates has long since passed and South Dakota vigorously enforces the time limits applicable under its statute. Hannon, 638 N.W.2d at 50.

Second, another habeas petition is also not available to Mr. Duncan to assert the claims he asserts herein. In South Dakota, a prisoner may not bring a second or successive habeas petition unless his claim fits into one of two categories. See SDCL 21-27-5.1. First, a subsequent habeas petition may be filed if the petitioners can show he has newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable jury would have found him guilty, he can bring a subsequent petition. Id. Since none of Mr. Duncan's unexhausted claims constitute newly discovered evidence, they do not fit within the first exception to South Dakota's prohibition on filing a second or subsequent habeas petition. Id.

The second exception under South Dakota law which would allow a prisoner to file a second or successive habeas petition is when a petition relies

upon a new rule of constitutional law, not previously available, and which is made retroactive to cases on collateral review. Id. Again, Mr. Duncan's unexhausted claims do not rest upon any new rules of constitutional law. All of these claims are based on well-established law that existed at the time of his trial.

Because none of Mr. Duncan's claims fit within the exceptions under South Dakota law that would allow a prisoner to file a second or subsequent habeas petition, it would be futile to send Mr. Duncan back to state court to exhaust his claims. The state courts would simply refuse to entertain such a successive petition. The court then turns to the question of procedural default.

## 2.    Procedural Default

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default.[3] Both doctrines are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518, overruled in part on other grounds by Martinez v. Ryan,

---

[3] Pre-AEDPA law held that procedural default must be raised by the state or it was waived. See Gray v. Netherland, 518 U.S. 152, 166 (1996). After passage of AEDPA in 1996, the defense is not waived unless the State expressly waives the requirement. See Banks v. Dretke, 540 U.S. 668, 705 (2004) (citing 28 U.S.C. § 2254(b)(3)). Here, respondents have not expressly waived the defense, but instead have asserted it. See Docket No. 11 at pp. 10-13.

566 U.S. 1 (2012),[4] superseded in part on other grounds by statute as recognized in Duncan v. Atchison, 2014 WL 4062737 (N.D. Ill. Aug. 13, 2014). If a petitioner has failed to exhaust administrative remedies, and the petitioner has no further state remedies available to him, analysis of the procedural default doctrine is the next step.

Procedural default is sometimes called the "adequate and independent state grounds" doctrine. A federal habeas petitioner who has defaulted his federal claims in state court by failing to meet the state's procedural rules for presenting those claims, has committed "procedural default." Coleman, 501 U.S. at 731-32, 735 n.1. If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules. Id. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies.

Mr. Duncan has defaulted in state court on the claims he presents to this court by failing to meet the state's procedural rules for presenting those claims. "Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on state law ground that is

_____

[4] The Martinez decision modified that part of the Coleman decision involving whether ineffective assistance of habeas counsel can constitute "cause" excusing a procedural default. See Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 1315 (2012) (holding that, where state law required that ineffective assistance of counsel claims may not be raised until habeas proceedings, ineffectiveness of habeas counsel or no counsel at all may supply "cause" sufficient to excuse a procedural default).

independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "This rule applies whether the state law ground is substantive or procedural." Id. at 729. "[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988). Mr. Duncan makes no allegation that SDCL § 21-27-5.1, the rule prohibiting second or successive state habeas petitions, or SDCL § 21-27-18.1 pertaining to certificates of probable cause, are arbitrarily or irregularly enforced. In fact, this court finds to the contrary.

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available." Clemons v. Leubbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

Because the last reasoned state court opinions dealing with Mr. Duncan's habeas claims did not address their merits, but rejected them on procedural grounds, this Court is precluded from reviewing them. Coleman, 501 U.S. at 750; Weigers v.Weber, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002) (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process and thus his claims were procedurally defaulted).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted). The court next considers whether Mr. Duncan has shown (1) a fundamental miscarriage of justice or (2) cause and prejudice, either of which would excuse his default.

### a.     Fundamental Miscarriage of Justice

To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 321, (1995). A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

"Actual innocence" is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. at 315. Actual innocence means factual innocence, it does not mean mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Actual

innocence claims are rarely successful as they require the petitioner to carry an exacting burden.  Schlup, 513 U.S. at 324.

In order to show actual innocence, Mr. Duncan must (1) produce "new reliable evidence" not presented previously; and (2) he must "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he . . . was convicted."  Schlup, 513 U.S. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).

Evidence is "new" only if it was not available at the time of the trial and if it could not have been discovered earlier through the exercise of due diligence.  Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999).  A petitioner can make the new evidence showing only where he demonstrates that the factual basis for the evidence did not exist at the time of the plea and could not have been presented earlier.  Id.  The evidence must not only be "new" but it must also be "reliable."  Schlup, 513 U.S. at 324.

Here, Mr. Duncan fails to produce any new and reliable evidence, let alone new and reliable evidence that indicates his innocence.  Mr. Duncan never asserts his actual innocence either.  The court concludes he has not established that a fundamental miscarriage of justice occurred.

### b.    Cause and Prejudice

A state procedural default may also be excused if the petitioner can demonstrate "cause" for the default *and* actual prejudice as a result of the violation of federal law.  Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir.

1992) (citations omitted, emphasis added). If no "cause" is found, the court need not consider whether actual prejudice occurred. Id. at 985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted). "The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . ." Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The habeas petitioner must show that "some objective factor *external to [petitioner]* impeded [his] efforts." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies. Murray, 477 U.S. at 488. A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. See Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994); McKinnon v. Lockhart, 921 F.2d 830, 832, fn. 5 (8th Cir. 1990); Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir. 1989); Smittie, 843 F.2d at 298. Illiteracy or low intelligence are also not enough to demonstrate cause. See Criswell v. United States, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub'd.); Cornman, 959 F.2d at 729. Finally, neither is ignorance of the law. Maxie v. Webster, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub'd.).

Mr. Duncan has shown no "cause" for the fact that he failed to follow the state's procedural rules by failing to pursue a certificate of probable cause from both the circuit court and the supreme court. Mr. Duncan merely argues it was plain neither court was going to grant him relief, so he thought he should not have to pursue further avenues with either court. <u>See</u> Docket No. 10.

Nor can Mr. Duncan's appellate counsel provide the necessary "cause" to excuse his procedural default as to the speedy trial issue. He argues he was not in control of the issues presented on appeal, suggesting but not outright asserting, that he intended to present a constitutional speedy trial issue on appeal. However, even if Mr. Duncan *were* asserting that he wanted counsel to raise the Sixth Amendment speedy trial issue in his direct appeal, counsel's failure to do so would not provide cause to excuse Mr. Duncan's procedural default of that issue. <u>See</u> <u>Davila v. Davis</u>, 582 U.S. ___, 137 S. Ct. 2058 (2017) (reaffirming that counsel error on appeals is not cause excusing a procedural default); <u>Coleman</u>, 501 U.S. at 752-53.

Furthermore, if it were true Mr. Duncan wanted appellate counsel to raise the constitutional speedy trial issue under the Sixth Amendment and counsel failed to do so, Mr. Duncan never explains why he himself did not raise the issue in his state habeas petition. By the time he filed his state habeas petition, he had the benefit of the South Dakota Supreme Court's opinion and knew that the decision was grounded on state statute rather than on the federal constitution.

The doctrine of procedural default is not intended to "create a procedural hurdle on the path to" federal habeas relief. <u>Mellott</u>, 63 F.3d at 784. However, strong comity concerns underlie the reason for the rule's adoption. <u>Id.</u> Mr. Duncan has not alleged any grounds which would support a finding by this court that "cause" exists which would excuse his failure to comply with the state's rules.

Accordingly, the court recommends that claims in Mr. Duncan's federal habeas petition be dismissed. A dismissal on grounds of procedural default is a dismissal *with* prejudice. <u>Compare</u> <u>Armstrong v. Iowa</u>, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default), <u>with</u> <u>Carmichael</u>, 163 F.3d at 1045-46 (dismissal for failure to exhaust state remedies where state remedies remain available to petitioner should be a dismissal without prejudice).

## D.      Motion for Court-Appointed Counsel

Mr. Duncan moved the court for appointment of counsel. <u>See</u> Docket No. 7. This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. <u>Id.</u>

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing

Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254.

Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
> (2)    Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> **
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is warranted for the reasons explained in paragraph 6 below.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, Mr. Duncan's § 2254 petition can and must be resolved on the basis of the state court record. Additionally, Mr. Duncan appears to be of above-average intelligence and has done an able job in articulating his position. No discovery is warranted beyond an examination of the state court record, so the ability to investigate is not an issue in this case. The court concludes that no grounds have been established which would justify appointment of counsel. Accordingly, Mr. Duncan's motion is denied.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge hereby

ORDERS that Mr. Duncan's motion for appointment of counsel [Docket No. 7] is denied.

Furthermore, this magistrate judge respectfully

RECOMMENDS that respondents' motion to dismiss [Docket No. 8] be granted and that Steven Duncan's habeas petition [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

district court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED December 13, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge